BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>2011 TOYOTA SIENNA SE WAGON, VIN: 5TDXK3DC7BS077981, LICENSE NUMBER: 6PSZ063,<br><br>　　　　　Defendant. | 2:14-MC-00111-TLN-CKD<br><br><br><br>CONSENT  JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　Since late 2012, the Drug Enforcement Administration ("DEA") and other law \ enforcement agencies have been investigating a large-scale indoor-marijuana cultivation and distribution organization, in violation of 21 U.S.C. §§ 841 and 846, among other federal offenses. The DEA and its law enforcement partners, have been investigating this Drug Trafficking Organization ("DTO") which is based primarily in the Eastern District of California.  This investigation has revealed that DTO members are using residential houses and stolen power to cultivate large quantities of marijuana.

　　　　2.　　The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about June 24,

2014, the DEA received a claim from Jimmy Quanguang Xu ("Xu") asserting an ownership interest in the 2011 Toyota Sienna SE Wagon, VIN: 5TDXK3DC7BS077981, License Number: 6PSZ063 ("defendant vehicle").

3.  The United States represents that it could show at a forfeiture trial that in late 2012 DEA and other law enforcement agencies began investigating a large-scale indoor-marijuana cultivation and distribution organization in the Sacramento area, in violation of Title 21, United States Code, Sections 841 and 846, among other federal offenses. The DEA and its law enforcement partners, have been investigating this DTO which is based primarily in the Eastern District of California.  This investigation has revealed that DTO members are using residential houses and stolen power to cultivate large quantities of marijuana

4.  The United States represents that it could show at a forfeiture trial that during the investigation, 1956 Gordon Verner Circle, Stockton, California was identified as a residence likely being used to cultivate marijuana.  PG&E discovered the residence was stealing an enormous amount of power, likely by using a bypass to steal power which is not recorded on the PG&E meter or billed to the customer. The PG&E account holder at this residence was Xu of Stockton, California.

5.  The United States represents that it could show at a forfeiture trial that in March 2013, DEA agents obtained court authorization to install video surveillance near the residence in order to observe individuals arriving and departing the front area of the residence.  Over the course of several weeks, agents observed a male consistently arriving every few days in the defendant vehicle.  The male appeared to stay inside for one to four hours and would always park inside the garage, closing the garage door behind after arrival.  On one occasion, DEA was able to observe the license plate of the Toyota and learned it was registered to Jimmy Xu of Stockton, California.  On another occasion in March 2013, while the defendant vehicle was at the residence, a Toyota Matrix, also registered to Jimmy Xu was observed inside the garage.  A second male, similar in appearance to Xu, was observed in the driveway and ultimately departed in the Matrix.  I believe this second male was Xu.

6.  The United States represents that it could further show at a forfeiture trial that on or

Consent Judgment of Forfeiture

about on May 1, 2013, law enforcement conducted physical surveillance at the above residence. The defendant vehicle was followed as it departed from the residence. Based on probable cause existing from the ongoing power theft and the suspicious observed activities of the individuals seen arriving and departing over several weeks, the defendant vehicle was traffic-stopped by the Stockton Police Department. During the stop, the officer smelled the odor of marijuana and ultimately discovered the defendant vehicle contained approximately 105 live marijuana plants and seven pounds of processed marijuana. Inside the defendant vehicle five garage door openers were also found indicating that the vehicle was being used to visit other clandestine marijuana operations. The driver, Huakun Liang, was arrested and determined to be the same individual observed on surveillance coming and going from the residence over the course of several weeks. The defendant vehicle was seized.

7. The United States represents that it could further show at a forfeiture trial that the following day, law enforcement conducted a state search warrant at 1956 Gordon Verner Circle, Stockton, California. Inside the residence, officers discovered a bypass enabling power theft, and an indoor-marijuana operation. Officers seized approximately 788 live marijuana plants.

8. The United States could further show at a forfeiture trial that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

9. Without admitting the truth of the factual assertions contained in this stipulation, Jimmy Quanguang Xu specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Jimmy Quanguang Xu agrees that an adequate factual basis exists to support forfeiture of the defendant vehicle. Jimmy Quanguang Xu hereby acknowledges that he is the sole owner of the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, Jimmy Quanguang Xu shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in

which the defendant vehicle was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. Upon entry of a Consent Judgment of Forfeiture forfeiting the defendant vehicle to the United States herein, the U.S. Marshal Service shall sell the defendant vehicle in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Potential Claimant Jimmy Quanguang Xu agrees to execute promptly any documents that may be required to complete the sale of the defendant vehicle.

15. Upon the sale of the defendant vehicle, the net sale proceeds, less any storage fees, maintenance fees, disposal costs and auctioneer fees, will be divided as follows:

    i. To claimant Jimmy Quanguang Xu: 50% of the net proceeds from the sale of the defendant vehicle.

    ii. To the United States of America: The remainder of the net sale proceeds. All right, title, and interest in said funds shall be substituted for the defendant vehicle and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law.

16. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant vehicle. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Jimmy Quanguang Xu waives the provisions of California Civil Code § 1542.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the

Federal Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

19. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant vehicle.

IT IS SO ORDERED.

Dated: March 7, 2016

_____
Troy L. Nunley
United States District Judge